# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY OCHOA, | )<br>) |
| Plaintiffs, | ) Case No.: 22-cv-2283<br>) |
| v. | ) COMPLAINT<br>) FOR VIOLATION OF CIVIL RIGHTS |
| City of Chicago, Chicago Police Officers Demetrio Muro, Star No. 9180 and Jonathan Martinez, Star No. 17514, | )<br>)<br>)<br>) **JURY DEMANDED** |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Anthony Ochoa ("Ochoa") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Demetrio Muro Star No. 9180 ("Muro") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Chicago Police Officer Jonathan Martinez, Star No. 17514 ("Martinez") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7. On or about September 10, 2021, Plaintiff was lawfully located at 6143 S. Kostner Avenue, City of Chicago, County of Cook, State of Illinois.

8. On that day and place Defendants Muro and Martinez did not possess a warrant to arrest Plaintiff.

9. On that day and place Defendants Muro and Martinez seized Plaintiffs.

10. On that day and place Muro and Martinez did not possess legal cause to seize Plaintiff.

11. After this seizure Plaintiff was subjected to a custodial arrest by Muro and Martinez.

12. Muro and Martinez did not witness Plaintiff commit any crime.

13. Defendants Muro and Martinez did not possess legal cause to subject Plaintiff to custodial arrest.

14. After Plaintiff's custodial arrest Defendants Muro and Martinez caused Plaintiff to be charged with multiple felonies.

2

15. Plaintiff had not committed any crimes and Defendants Muro and Martinez did not possess probable cause to reasonably believe that Plaintiff had committed any crimes.

16. After his custodial arrest Plaintiff was detained in the custody of law enforcement until released on bond.

17. Plaintiff appeared in the Circuit Court of Cook County to defend himself against the criminal charges that were initiated and/or continued by the false statements of Defendants Muro and Martinez.

18. On or about November 9, 2021, the Cook County State's Attorney voluntarily dismissed of all charges against Plaintiff.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of their rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendants Muro and Martinez for
### UNREASONABLE SEIZURE

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

24. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Defendants caused the seizure of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendants Muro and Martinez for
### UNREASONABLE PRETRIAL DETENTION

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

26. Defendants caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

27. Defendants did not have probable cause to believe Plaintiff had committed any crime.

28. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed any crime.

29. The criminal charges initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed on November 9, 2021.

30. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with one or more crimes and experiencing deprivation of his personal liberty.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff Against Muro, Martinez, and the City of Chicago For**
**MALICIOUS PROSECUTION**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (26) hereat as though fully alleged at this place.

34. Defendants, who were employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff falsely alleging that they witnessed Plaintiff commit one or more crimes.

35. Plaintiff did not commit any of the criminal acts for which he was prosecuted.

36. Defendants did not have any forensic or physical evidence indicating Plaintiff committed any of the crimes for which he was prosecuted.

37. Defendants did not have reliable information from any witness indicating Plaintiff committed any of the crimes for which he was prosecuted.

38. Defendants falsely alleged to prosecutors that Plaintiff committed one or more crimes.

39. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it was relied upon by prosecutors in the decision to commence and continue the prosecution of Plaintiff.

40. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed the crimes for which he was charged.

41. The criminal charges Defendants proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed on November 9, 2021.

42. The criminal charges against Plaintiff were not resolved by any plea negotiation, agreement, or compromise between Plaintiff and any prosecuting attorney.

43. As a result of Defendants causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

44. The City of Chicago is liable to Plaintiff for the acts of Defendants Muro and Martinez pursuant to the doctrine of *respondeat superior*.

45. Therefore, Defendants Muro, Martinez, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. request judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com